LOLLEY, J.
| iVarnel Martin, Jr., was convicted by the 26th Judicial District Court, Parish of Bossier, State of Louisiana, of one count of second degree robbery in violation of La. R.S. 14:64.4 and was sentenced to 25 years’ *752 hard labor. Martin now appeals. For the following reasons, we affirm his conviction and sentence.
FACTS
On November 17, 2009, Martin entered the home of an acquaintance, Huey Green, while wearing a mask and carrying a gun. Martin shot Green and stole $400.00 from him. Green, who survived the attack, recognized Martin as the assailant and informed the police that Martin had shot and robbed him.
Martin was arrested and charged by bill of information with armed robbery in violation of La. R.S. 14:64. On the day set for trial and pursuant to a plea agreement, Martin pled guilty to one count of second degree robbery in violation of La. R.S. 14:64.4, and the State agreed not to charge Martin as a habitual offender. At the Boykin hearing, the trial court properly questioned Martin to ensure he knowingly and voluntary relinquished his rights to trial by accepting the plea deal.
Prior to sentencing, Martin filed a pro se motion to withdraw his guilty plea as unknowing, contending that his trial counsel had misinformed him by stating that the charge of second degree robbery was “not a crime of violence” and, therefore, would only subject him to serve only 55% of his sentence. After a contradictory hearing, the trial court denied Martin’s motion to withdraw his guilty plea. At the sentencing hearing, the trial |2court reviewed the presentence investigation report, and after articulating the reasons for its ruling, sentenced Martin to serve 25 years’ hard labor. This appeal followed.
DISCUSSION
As his first assignment of error, Martin argues that the trial court erred by denying his motion to withdraw his guilty plea. Specifically, Martin claims that prior to his guilty plea, his trial counsel had advised him that the crime of second degree robbery was not a crime of violence as defined by La. R.S. 14:2B and, therefore, he would only have to serve only 50% of his sentence pursuant to diminution of sentence for good behavior under La. R.S. 15:571.3. Martin claims he did not discover until after he pled guilty that second degree robbery was in fact a crime of violence and that he would not receive credit for good time served and, therefore, the misinformation provided by his trial counsel precluded him from entering a knowing and voluntary plea.
Louisiana. C. Cr. P. art. 559A allows a trial court to permit a plea of guilty to be withdrawn at any time before the imposition of a sentence. The discretion to allow withdrawal of a guilty plea under Art. 559A lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Harris, 43,069 (La.App.2d Cir.03/19/08), 980 So.2d 174. A defendant has no absolute right to withdraw a guilty plea. Id.
When the record establishes that an accused was informed of and waived his right to trial by jury, to confront his accusers, and against | ^self-incrimination, then the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Wynne, 40,921 (La.App.2d Cir.04/12/06), 926 So.2d 789; see also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
A plea is constitutionally infirm when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the agreement are not satisfied. State v. Bouwell, 45,635 (La.App.2d Cir.09/22/10), 48 So.3d 335. Where a defendant’s misunderstanding is *753 not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. State v. Hall, 26,006-26,007 (La.App.2d Cir.1994), 637 So.2d 645, writ denied, 94-1873 (La.09/30/94), 642 So.2d 868. In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. Id.
Here, the trial court properly denied Martin’s motion to withdraw his guilty plea. The transcript of Martin’s guilty plea colloquy reflects that the trial court informed Martin of his Boykin rights and the applicable penalty range for second degree robbery. Martin stated that he understood both his rights and the attendant penalty range. Martin admitted to the facts of his crime as recited by the State, and he pled guilty to second degree robbery. At no point during the lengthy guilty plea colloquy did Martin ask the trial court whether he would be eligible for good time credit if he pled guilty.
^Furthermore, at the contradictory hearing concerning Martin’s motion to withdraw his guilty plea, Martin failed to present any evidence supporting his claim that his trial counsel had misinformed him even though his trial counsel was present at the hearing to testify. Martin merely stated that he had believed, based on his trial counsel’s representations, that he would be eligible for good time credit if he pled guilty. Because Martin presented no evidence supporting his claim that his plea was unknowing and involuntary, the trial court did not abuse its discretion in denying Martin’s motion to withdraw his guilty plea, and this assignment of error is without merit.
As his second assignment of error, Martin claims that the trial court erred by imposing an unconstitutionally excessive sentence. We disagree.
The test applied by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Washington, 46,913 (La.App.2d Cir.02/01/12), 86 So.3d 697, writ denied, 2012-1407 (La.11/21/12), 102 So.3d 54. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is | Sunnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Moton, 46,607 (La.App.2d Cir.09/21/11), 73 So.3d 503, writ denied, 2011-2288 (La.03/30/12), 85 So.3d 113.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the of *754 fense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Walls, 47,006 (La.App.2d Cir.02/29/12), 86 So.3d 71.
Louisiana R.S. 14:64.4B governs sentencing upon a conviction for second degree robbery and states, “Whoever commits the crime of second degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years.”
| (¡Here, the trial court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1, and Martin’s sentence was not excessive. First, the record reflects that at Martin’s sentencing hearing, the trial court thoroughly articulated its consideration of the factors enumerated within La. C. Cr. P. art. 894.1. Specifically, the trial court noted that Martin used a gun in the commission of his crime and greatly endangered human life by shooting his victim in the leg. Next, the trial court noted Martin’s extensive criminal history. At the time of sentencing, Martin qualified as a fourth felony offender. The trial court noted a felony conviction for aggravated burglary, two felony convictions for simple burglary, and the subject conviction for second degree robbery. Indeed, as the trial court made reference to, Martin had spent a significant majority of his adult life incarcerated. As for Martin’s personal history, the trial court noted that Martin was unmarried, had no children, and had never graduated from high school or obtained a G.E.D. Although 35 years of age at the time of sentencing, Martin had worked only a total of 20 months during his lifetime.
Second, the sentence of 25 years’ hard labor imposed by the trial court was not grossly disproportionate to the seriousness of Martin’s offense. The crime for which Martin was convicted exposed him to a possible sentence of 40 years’ hard labor. In the commission of his offense, Martin entered the home of his victim wearing a mask and inflicted grievous bodily injury by shooting his victim in the leg before stealing $400.00. Furthermore, Martin’s predation upon a known acquaintance in the autumn years of his life has truly torn at the fabric of society as it exhibited both a [ /lightening degree of heedless compulsion and lack of any moral code. Martin’s victim was at a complete loss as to why Martin felt the need to act as he did. Finally, Martin’s criminal record reveals a penchant for armed robbery and a reliable failure to behave within the bounds of any decent human conduct. Considering the extremely violent nature of Martin’s crime and his complete disregard for the law and the rights of others, any lesser sentence would deprecate the seriousness of the offense. Thus the trial court’s sentence was not a needless infliction of pain and suffering, and this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Varnel Martin, Jr. are affirmed.
AFFIRMED.