STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1463 consolidated with 12-1465

STATE OF LOUISIANA

VERSUS

DEKE EDMOND DURASO

**********

ON APPLICATION FOR SUPERVISORY WRIT
AND APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11526-09
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.


DENIAL OF MOTION TO QUASH AND MOTION TO WITHDRAW
GUILTY PLEA AFFIRMED. CONVICTIONS AND SENTENCES
AFFIRMED. OBJECTION TO ERRORS IN RECORD AND/OR MOTION
TO REMAND FOR CORRECTION DENIED.

Cooks, J., dissents and assigns written reasons.

John F. DeRosier
District Attorney
Carla S. Sigler
Assistant District Attorney
Karen McClellan
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA   70602-3206
(337) 437-3400
COUNSEL FOR:
      State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT:**
**Deke Edmond Duraso**

**Deke Edmond Duraso**
**Oak 1**
**Louisiana State Prison**
**Angola, LA 70712**
**IN PROPER PERSON**

**AMY, Judge.**

The State charged the defendant with four counts of aggravated incest in 2009. In 2011, the trial court denied defendant's motion to quash in which he cited the two-year time period for commencement of trial set forth in La.Code Crim.P. art. 578(A)(2). Ultimately, and pursuant to a plea agreement, the defendant entered a guilty plea. The trial court thereafter rejected the State's sentencing recommendation and imposed sentences totaling fifty years. The trial court subsequently denied the defendant's motion to withdraw guilty plea and a motion to reconsider sentence. The defendant appeals and files for supervisory writs. For the following reasons, we affirm the denial of the motion to quash and the motion to withdraw guilty plea. We also affirm the defendant's convictions and sentences. We further deny the defendant's Objection to Errors in Record and/or Motion to Remand the Record for Correction.

## Factual and Procedural Background

The State charged the defendant, Deke Edmond Duraso, with four counts of aggravated incest, violations of La.R.S. 14:78.1, on March 5, 2009. Throughout the proceedings both parties filed discovery requests and responses. The trial date was continued several times. On June 7, 2011, the defendant filed a motion to quash asserting that the State failed to commence trial within two years of the institution of prosecution as required by La.Code Crim.P. art. 578. The trial court denied that motion on June 16, 2011. Although the defendant filed an application for supervisory writs with this court in which he sought review of the denial of the motion to quash, a panel of this court determined that the writ application was untimely. *State v. D.E.D.*, 11-1050 (La.App. 3 Cir. 9/2/11)(an unpublished writ decision).

Thereafter, on September 7, 2011, the defendant entered guilty pleas to all four counts as charged. As part of the underlying plea agreement, and as reflected in the transcript, the State recommended that the defendant be sentenced to a "total of 25 years" for the four convictions. The State also agreed not to file habitual offender proceedings. However, the trial court sentenced the defendant to serve twenty years on the first two counts, to run consecutively; twenty years on the third count, with ten years to run consecutively; and twenty years on the fourth count, to run concurrently with the other counts.

The defendant thereafter filed a motion to withdraw his guilty plea on the grounds that he relied on the sentencing recommendations. He also filed a motion to reconsider his sentences. The trial court denied both motions.

Subsequently, this court granted the defendant's application for rehearing of his writ application in which he sought review of the denial of his motion to quash. *State v. D.E.D.*, 11-1050 (La.App. 3 Cir. 11/23/11)(an unpublished writ decision). On rehearing, the panel concluded that the defendant's motion to quash "was facially meritorious; accordingly, he was entitled to an evidentiary hearing to determine whether the time limitation to institute prosecution was either interrupted or suspended[.]" *State v. D.E.D.*, 11-1050 (La.App. 3 Cir. 1/10/12)(an unpublished writ decision). In a subsequent order of remand, the court determined that the defendant's "unqualified guilty plea [did] not preclude review of the alleged untimely commencement of trial, as such is a jurisdictional defect." *State v. D.E.D.*, 12-590 (La.App. 3 Cir. 5/30/12)(an unpublished order).

On remand, in October 2012, the trial court denied the defendant's motion to quash. In written reasons, the trial court determined that the prosecution was

2

timely, adopting the timeline of the proceedings as urged by the State and finding adequate periods of suspension to support the State's position.

The defendant filed an application for supervisory writs and, in docket number 12-1463, seeks review of the denial of his motion to quash on the timeliness of prosecution issue. In a separate appeal, under docket number 12-1465, the defendant questions the denial of the motion to quash, the trial court's denial of his motion to withdraw his guilty plea, and the length of the sentences imposed. The matters have been consolidated for review. Additionally, while the proceeding was pending, the defendant filed an Objection to Errors in Record and/or Motion to Remand the Record for Correction. That filing was referred to the merits and is addressed below.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. We find no such errors.

*Motion to Quash*

In both a brief filed in proper person and in counseled brief, the defendant questions the denial of his motion to quash. Namely, he contends that the State failed to establish that his trial was commenced within two years of the filing of the indictment.

With regard to limitations upon trial, La.Code Crim.P. art. 578 provides, in pertinent part that:

> A.    Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
>
> . . . .

3

> (2) In other felony cases after two years from the date of institution of the prosecution[.]

In the event the above limitations have expired, Article 581 provides that "the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial." In the present case, prosecution was instituted by bill of indictment filed on March 5, 2009. Thus, the State had until March 5, 2011 to commence trial. Since the defendant's trial did not commence (and the defendant's plea was not taken) until September 7, 2011, the defendant's motion to quash was facially meritorious, as recognized by this court in the writ decision of January 10, 2012.

However, La.Code Crim.P. art. 580 provides that certain occurrences will suspend[1] the two-year limitation as follows:

> A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.

As used in Article 580(A), "a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial." *State v. Brooks*, 02-0792, p. 6 (La. 2/14/03), 838 So.2d 778, 782. "These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars." *Id.* Additionally, and significantly in this case, "[j]oint motions for a continuance fall under the same rule." *Id.* When the defendant raises the issue of untimely prosecution, as in this case, the "state has a heavy burden of justifying an apparently untimely

---

[1] Louisiana Code of Criminal Procedure Article 579 also provides for interruption of the time limitation. However, those contingencies are not present in this matter.

4

commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended." *State v. Joseph*, 93-2734 (La. 6/3/94), 637 So.2d 1032.

At the hearing on the motion to quash, the State presented the trial court with a timeline in which it suggested that filings by the defendant delayed the trial. In reasons for ruling, the trial court acknowledged that timeline and found that, in fact, the matter had been suspended by the defendant's actions and that, therefore, trial was commenced timely.[2]

Review of the record reveals several periods of suspension. For instance, the defendant filed a motion to recuse his attorney on January 20, 2010. The trial court denied the motion on January 26, 2010, suspending the time limitation by six days. Additionally, on that day, the trial court granted a motion to continue filed by the defendant, continuing the trial date to April 29, 2010. Largely, however, the

---

[2] In reasons for ruling, the trial court set forth the State's timeline and explained that:

> The [] timeline includes some of the State's arguments in support of the timeliness of the prosecution. The State has introduced documents to support the above timeline and the Court has reviewed the record to confirm the above. As noted, on November 5, 2010, the State filed a supplemental response to discovery. This was in response to the Defendant's second motion for discovery. The State's response on November 5, 2010, gave the State no less than a year from that time, or November 5, 2011, to try the case. That date was not reached prior to the final trial date of September 7, 2011, the date on which the Defendant pled guilty. In addition, the Defendant's written recusal motion, first filed January 20, 2010, then again as part of his Motion to Quash on June 7, 2011, caused additional suspensive periods under art. 580.
>
> In addition, the four trial dates that came and went prior to the filing of the June 7, 2011 Motion to Quash were either joint motions of the State and the defendant, or were defense motions to continue to trial. The Court finds no evidence in the record that these four trial dates were continued each time at the request of the State. Furthermore, the Court is well aware that on at least three of these dates, cases were tried to a jury, making the defendant's case unavailable for trial based on other cases that were higher on the priority list. Accordingly, there was just cause for the State's delay. The many motions filed in the case, and the confusion caused by *pro se* filings, simply add to the arguments supporting the timeliness of the prosecution.
>
> Accordingly, based on the above, the Motion to Quash is DENIED.

periods of suspension afforded by the defendant's motions for discovery and those related to recusal are short in length.

The critical period of suspension in this case occurred with the continuance of trial granted at the October 25, 2010 hearing. At that time, the State initiated the motion as follows:

> **Ms. Killingworth [for the State]:**
> Okay. Your Honor, so that we'll have all this on the record, this is docket No. 11526-09, *State of Louisiana v. Deke Duraso*. He is charged with four counts of aggravated incest; also, docket No. 3677-08, failure to register as a sex offender.
>
> At this time, we would move to set both of these matters for October - - no, November 29th, 2010 with a backup date of December 6th, 2010; and if that doesn't work, we will go January 3rd, 2011.
>
> **The Court:**
> Correct.
>
> **Mr. Williams [for the defendant]:**
> *On behalf of Mr. Duraso, I accept that particular date and confirmation thereof.* I request that the notice be sent to Mr. Duraso, Calcasieu Parish Jail. I don't know if he's still downstairs or not.
>
> **Ms. Killingsworth:**
> No, I wouldn't imagine so.
>
> **Mr. Williams:**
> Okay. Send him notice to Calcasieu Parish Correctional Center.

(Emphasis added.) As explained in *Brooks*, 838 So.2d 778, a joint motion for continuance is a type of peremptory plea attributable to a defendant. *See also State v. Fish*, 05-1929 (La. 4/17/06), 926 So.2d 493 (citing *State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284). Although the State presented the motion for continuance to the trial court, the defendant, through counsel, explicitly and definitively *accepted* the November 29, 2010 trial date.

That acceptance distinguishes the present matter from instances in which a defendant may be silent or fails to object to a state-filed motion for continuance. *See, e.g., State v. C.W.W.*, 10-531 (La.App. 3 Cir. 12/8/10), 55 So.3d 1043 (an unpublished opinion wherein a panel of this court stated that it found "no cases involving the statutory right to speedy trial in which a court has held that by failing to object to the setting of a trial outside the two-year time limitation, a defendant acquiesced in the setting."), *writ denied*, 10-2866 (La. 11/4/11), 75 So.3d 920. Rather, in this case, the defendant affirmatively "accepted" the continued date, effectively joining in the State's motion.

In this instance, the continued date of November 29, 2010, was within the two-year limitation period. However, La.Code Crim.P. art. 580(A) provides that when the defendant files a preliminary plea, such as a joint motion for continuance, "in no case shall the state have less than one year after the ruling to commence the trial." In this case, the trial court granted the continuance at the date of hearing, October 25, 2010. Accordingly, the State had no less than one year from that date to commence trial, October 25, 2011. The record indicates that the defendant's trial was called and, ultimately, the defendant entered his guilty plea on September 7, 2011, within that one-year period.[3]

Accordingly, we find no error in the trial court's denial of the defendant's motion to quash.

---

[3] Additionally, before the plea, the defendant filed two motions to quash (in June 2011 and September 2011) and filed a request for stay of proceedings (August 2011) pending his writ applications to this court. These filings provided for additional periods of suspension. Again, however, the defendant's plea was entered within the one-year period after the October 25, 2010 continuance.

*Motion to Withdraw Guilty Plea*

The defendant next argues that the trial court erred in denying his motion to withdraw his guilty plea. He contends that he entered into the guilty plea relying upon the representations of his counsel and under the belief that the trial court would honor the plea agreement recommendation that he be sentenced to a total of twenty-five years. Rather, the trial court imposed sentences totaling fifty years. In light of this reliance, the defendnat argues that his plea was not voluntarily and intelligently made.

Louisiana Code of Criminal Procedure Article 559 provides that a trial "court may permit a plea of guilty to be withdrawn at any time *before sentence*." (Emphasis added.) The trial court's discretion in allowing the withdrawal of a guilty plea will not be disturbed absent an abuse or arbitrary exercise of that discretion. *State v. Martin*, 48,045 (La.App. 2 Cir. 5/15/13), 115 So.3d 750. A defendant does not have an absolute right to withdraw a guilty plea. *Id.* However, and although in this case the defendant filed his motion to withdraw *after* sentencing, a plea may be constitutionally infirm if a defendant is induced to plead guilty by a plea agreement and the terms of that agreement are not satisfied. *Id.* Yet, "[w]here a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for the withdrawal of the plea." *Id.* at 752-53.

In this case, the defendant has not demonstrated any inducements or misrepresentations. Instead, the plea colloquy clearly demonstrates that the defendant was informed of the fact that the trial court was not bound by that recommendation. There is no indication that the State informed him otherwise. Instead, the following exchange, which occurred prior to the taking of the plea,

reveals that the defendant was specifically informed of the sentencing range and the trial court's capacity to impose that maximum sentence. The transcript provides:

> **The Court:**
> Okay. Come on up, Mr. Duraso. What's the range of sentencing?
>
> **Ms. Killingsworth [for the State]:**
> On each count, 5 years to 20 years, Judge.
>
> **The Court:**
> 5 to 20 on each, okay. All right. Mr. Duraso, you can read and write English; is that correct, sir?
>
> **The Defendant:**
> Yes, sir.
>
> **The Court:**
> You understand that these are felony offenses, and the range of sentencing available to the Court is 5 to 20 years on each?
>
> **The Defendant:**
> Yes, sir.
>
> **The Court:**
> And I can impose a maximum sentence despite any plea agreement. You understand that?
>
> **The Defendant:**
> Yes, sir.

Thereafter, and upon advice as to his rights, the defendant entered the guilty plea. Subsequently, and after the trial court heard from the victim in the case, the State informed the trial court of its recommendation that the defendant serve a total of twenty-five years on the four offenses. Ultimately, of course, the trial court deviated from that recommendation and imposed the sentence now at issue. However, as revealed in the above exchange, the defendant acknowledged that the trial court could "impose a maximum sentence despite any plea agreement."

9

Accordingly, we do not disturb the trial court's denial of the defendant's motion to withdraw his guilty plea.

*Excessiveness of Sentence*

The defendant again references the fact that he felt that he would be sentenced in accordance with the plea agreement in this assignment of error regarding the excessiveness of the sentence. Further, he contends that the fifty-year sentence constitutes a life sentence due to his age. In light of these facts, he contends that "[a] shorter sentence, coupled with treatment and the mandated sex offender registration requirements, meets societal goals."

Louisiana Constitution Article 1, § 20 guarantees that, "[n]o law shall subject any person . . . to cruel, excessive, or unusual punishment." To constitute an excessive sentence, the appellate court must conclude that the sentence is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to penal goals, constituting a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). In considering this standard, the reviewing court is to be mindful that a trial court has wide discretion in imposing a sentence within statutory limits and a resulting sentence will not be set aside absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067.

In imposing sentence, the trial court referenced both the defendant's criminal history and the "nightmarish reality of the crimes he committed" before arriving at the sentence imposed. We find no abuse of discretion in that sentence. The

defendant here pled guilty to four counts of aggravated incest.[4] His victim testified prior to sentencing and informed the trial court that, due to the offenses, she has nightmares, anxiety, and a distrust of men. She further told the trial court of her embarrassment among her friends upon the defendant's arrest and that his conduct had "messed with [her] bad." The victim spoke to the trial court of her fear for her sisters and her hope that the defendant would stay in prison for the rest of his life.

Given the facts of this case, and in consideration of the standard of review, we find no abuse of the trial court's discretion in the sentences imposed.

This assignment of error lacks merit.

*Motion*

Finally, we note that the defendant filed an Objection to Errors in Record and/or Motion to Remand the Record for Correction and that the filing was referred to consideration on the merits. In his motion, the defendant suggests the transcripts of October 3 and October 5, 2012 hearings contain certain transcription errors. The defendant sets forth his specific "objections" to the transcribed language to the "best of his ability in recalling the arguments made" without access to the recordings made at the time. Citing the need for a complete and accurate record of trial, the defendant prays in his motion that the court either make the corrections cited by him or that the matter be remanded for correction of the transcript.

Louisiana Constitution Article 1, § 19 ensures a defendant's "right of judicial review based upon a complete record of all evidence upon which the

---

[4] Due to the victim's age, as revealed in the bill of indictment, the defendant was exposed to four separate sentences of up to twenty years at hard labor. *See* La.R.S. 14:78.1(D)(1). Had the trial court imposed consecutive sentences, the defendant faced an exposure of a total sentence of up to eighty years. However, the trial court crafted four sentences that relieved the defendant from the full measure of the sentencing range(s). Additionally, recall that the defendant benefitted from the State's agreement not to file a habitual offender proceeding.

11

judgment is based." *See also* La.Code Crim.P. art. 843 (which provides, in part, that "[i]n felony cases, . . . the clerk or court stenographer shall record all of the proceedings . . . ."). However, the Supreme Court of Louisiana has explained that a defendant is not entitled to relief on the basis of an incomplete record "absent a showing that he was prejudiced by the missing portions of the record." *State v. Draughn*, 05-1825, p. 63 (La. 1/17/07), 950 So.2d 583, 625, *cert. denied*, 552 U.S. 1012, 128 S.Ct. 537 (2007). Further, slight inaccuracies in the record or inconsequential omissions which are immaterial to a proper determination on appeal are not cause for the reversal of a defendant's conviction. *Id.* Rather, even an incomplete record may be adequate for appellate review. *Id.*

After review of both the record and omissions/errors described in the defendant's motion, we find no cause for further action. Rather, the alleged errors cited by the defendant's motion are not material to a proper determination on review. Instead, the purported errors, as advanced by the defendant, are related to wording, phrasing, or citation issues that do not prevent review of the proceedings. The full context of the proceedings is apparent from the transcript(s). Accordingly, the motion is denied.

## DECREE

For the foregoing reasons, the denial of the motion to quash and the motion to withdraw guilty plea is affirmed. Further, the convictions and sentences of the defendant, Deke Edmond Duraso, are affirmed. The defendant's Objection to Errors in Record and/or Motion to Remand for Correction is denied.

**DENIAL OF MOTION TO QUASH AND MOTION TO WITHDRAW GUILTY PLEA AFFIRMED. CONVICTIONS AND SENTENCES AFFIRMED. OBJECTION TO ERRORS IN RECORD AND/OR MOTION TO REMAND FOR CORRECTION DENIED.**

12

STATE OF LOUISIANA

VERSUS

D.E.D.

**Cooks, J., dissents**.

This court has too often attempted to circumvent the law to protect the State when it fails to timely prosecute criminal defendants. *This case was "bumped" at the State's request six times because of conflicts on the court's docket.* Such delays in the prosecution of this Defendant cannot be attributed to him. Under the majority's ruling in this case Louisiana's mandatory, statutory time frame within which to timely prosecute the criminally accused is rendered meaningless.[1] In response to the majority's assertion that Duraso's counsel's acceptance of a trial date set beyond the statutory time limit amounts to a joint motion for continuance, thus affording the State an additional year to try the case, I note that the majority cites no case in support of this proposition and I have found none. Moreover, La. Code Crim. Pro. Art. 707 provides:

> **A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based** and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial. Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only

---

[1] While I too am quite disturbed by the State's failure in this case, its failure may not totally forfeit the people's interest in fully accessing the court or the victim's right to a just outcome in this case. The State may not be prevented from prosecuting this Defendant for a more serious offense than originally charged despite the dismissal of the less serious charges at issue here.

upon a showing that such motion is in the interest of justice. (emphasis added)

As the majority admits, but ascribes no significance to, *there was no written motion in this case by either the State or Defendant.*

The majority correctly points out La. Code Crim P. arts. 578, 579 and 580 address limitations upon trial. Article 579 gives the reasons for interruption of the time limitations *which do not include a continuance*. Article 580 addresses suspension of time limitations and states: "A. When a defendant files a motion to quash or other preliminary plea …[ ] B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709." Article 709 deals with "continuance based on absence of a witness" which is not applicable herein. As the majority acknowledges, *Defendant did not file a motion to continue*, thus I believe Art. 580 cannot apply. The record clearly demonstrates that the State made an oral motion for continuance in open court. Article 707 states the *mandatory requirement* that a Motion for Continuance **shall be in writing** and **shall state the grounds** for the motion. Additionally, *any such motion made by a Defendant* must not only be **in writing but must be verified by affidavit**. Clearly, Defense Counsel's mere acknowledgement the date orally broadcasted in the *State's improper oral motion for continuance* was available on his calendar cannot be parlayed into a conscious decision by Defendant to join the State's request for continuance. To do so completely ignores the code requirements set forth above and circumvents the statutory requirements for timely prosecution of Defendant's charged offense.

I would further point out that the majority's reasoning appears to confuse the cases on the constitutional right-to-speedy-trial with Louisiana's statutory provision regulating timely prosecution of criminal cases. They are not at all the same and are not governed nor determined by the same principles. The Louisiana State Supreme Court has plainly stated in *State v. Joseph*, 637 So.2d 1032 (La. 1994):

> The state has a heavy burden of justifying an apparently untimely commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended. (citations omitted) Unparticularized allegations of a crowded docket [such as caused the delays herein] do not satisfy that burden. Administrative problems within the court system [as occurred in this case resulting in delays] generally do not constitute causes of interruption beyond the control of the state because 'the court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate. (citation omitted) .

Moreover, as the Louisiana Fifth Circuit points out in *State v. Williams*, 631 So.2d 1370 (La. App. 5 Cir. 1994):

> The Jurisprudence reveals that the purpose of the statutory scheme dealing with interruptions or suspension of time limitations on trial is: … to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite period of time…

As noted, the trial court in this case set a future trial date, and two additional alternate dates in case the first one did not work out, all of which were beyond the statutory time limitation.

As further stated in *Williams*:

> Moreover the case law, as well as the statutes, demonstrate that to interrupt or suspend *requires action or inaction by the defendant*— for example, escape or absence, or the defendant's filing of motions or pleadings which delay the prosecution. (citations omitted) We agree with the analysis utilized by the *Chapman* court. Interruption of

prescription in these cases *require action or inaction by the defendant, actions which inure to his benefit. ….* **Causes beyond the control of the state** *do not***, under the law or the jurisprudence, involve motions or actions** *taken by the state***.** The court system cannot excuse itself from affording an accused a trial within the delay *required* and *mandated* by law using the mandatory language "shall," simply by relying upon internal operating procedures which result in non-compliance with the statutory mandate. (citations omitted). If this were so, the delay could be any length of time and the door would be open to manipulation of the period of delay afforded the state, both to the detriment of the accused.

The majority acknowledges that this court, in *State v. C.W.W.*, 2010 WL 5027175 (La.App. 3 Cir. 12/8/10), an unreported case, held "We find no cases involving the **statutory right to speedy trial** in which a court has held that by failing to object to the setting of a trial outside the two-year time limitation, a defendant acquiesced in the setting." It is disingenuous for the majority to assert, without citation, that Defendant's failure to object at the time and his lawyer's acknowledgment that the date set beyond a timely prosecution was "acceptable" to "the lawyer" equates to some sort of waiver of Defendant's right to the **statutory** speedy trial requirements. It is not the Defendant's obligation to see to it that the State follow the statutory requirement for timely prosecuting him.

This case was set for trial numerous times after April 19, 2010. Each time, it was "bumped" in favor of another trial. On October 25, 2010, the State moved to continue the trial date to November 29, 2010. This court has previously rejected the notion that a defendant's failure to object to the State's motion to re-fix a trial date outside the two-year time limitation for prosecution amounts to some sort of waiver or acquiescence in such setting. *State v. C.W.W.*, 2010 WL 5027175 (La. 3 Cir. 12/8/10), *writ denied* 75 So.3d 920 (La. 11/4/11). Additionally, I note that the Louisiana State Supreme Court has held that Louisiana's statutory provision regarding speedy trial is "broader than" the state and federal constitutional right to

4

speedy trial "because, for example, there is no need to assess prejudice to the accused *nor to require that an accused make known his desire for an early trial.*" *State v. Powers*, 344 So.2d 1049, 1051 (La. 1977). (emphasis added). The United States Supreme Court, in its landmark decision on speedy trial, rejected the sometimes invoked "demand-waiver" rule used in some jurisdictions because it found that such a rule does not comport with the high court's holding that the right to speedy trial is a "fundamental" constitutional right. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191 (1972). I note additionally that the only code provision concerning waiver of Defendant's right to a dismissal is contained in the Code of Criminal Procedure Article 581 which states in pertinent part "This right of dismissal is waived unless the motion to quash is made prior to trial." Defendant filed his motion to quash on two separate occasions prior to trial. It is also of no moment that Defendant entered a plea of guilty after this court erroneously refused his writ of review attacking the trial court's failure to grant his motion to quash. As this court previously ruled, Defendant's guilty plea did not preclude review of the untimely prosecution as such is a jurisdictional defect, i.e. the trial court was without jurisdiction to accept Defendant's guilty plea as his motion to quash should have been granted and his prosecution dismissed as untimely. *D.E.D.*, 12-590.

The majority would require Defendant's lawyer to act in a manner quite contrary to the interests of his client. I am mindful of the anguish that dismissal will cause the victim and her family, but the State has breached its obligation and the Legislature has statutorily implemented the consequence which must flow from that failure. To do otherwise is to render the statutory right to speedy trial in

5

Louisiana utterly meaningless.  I therefore respectfully dissent for the reasons as stated.