ROBERT A. CHAISSON, Judge.
|2In this appeal, defendant, Bennie Joseph, challenges the trial court’s denial of his motion to withdraw his guilty plea to possession of cocaine. For the reasons which follow, we find no error in the trial court’s ruling and accordingly affirm defendant’s conviction and sentence.

PROCEDURAL HISTORY

On July 28, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967(A). At the arraignment, defendant pled not guilty. On July 10, 2013, the parties appeared for trial, at which time the State entered into Lplea negotiations with defendant. Pursuant to the discussions between the parties, the State agreed to amend the charge to possession of cocaine and to “only double bill” defendant even though the State believed he was a fourth felony offender. The State also agreed that defendant would receive sentences of thirty months on the underlying conviction and on the multiple bill, after the original sentence was vacated. After the State expressed the terms of the plea agreement on the record, defendant indicated that he wished to withdraw his plea of not guilty and plead guilty to the reduced charge of possession of cocaine, - a violation of LSA-R.S. 40:967(C)(2).
The trial judge thereafter conducted a very thorough colloquy with defendant. He first confirmed that defendant’s attorney had reviewed the waiver of rights form with him. Defendant specifically told the judge that his attorney had reviewed the form with him, that he had placed his initials next to each of the provisions on the form, and that he had signed the form acknowledging that his rights had been *663 explained to him and that he wished to waive those rights.
The trial judge thereafter personally advised defendant of his rights and the consequences of his guilty plea. In particular, the trial judge advised defendant of his right to a trial by jury or by judge alone, his right to confront his accusers and to call witnesses, and his privilege against self-incrimination. The trial judge then verified that defendant was forty years old, had obtained a G.E.D., and understood that he was pleading guilty to possession of cocaine. The trial court explained the possible sentencing range to defendant and further advised him that pleading guilty to a felony charge exposed him to greater penalties as a habitual offender in the event that he would plead guilty or be found guilty of a subsequent felony in the future. The trial court continued by informing defendant that upon acceptance of his plea, he would be sentenced to thirty months in the Department of Corrections, |4with credit for time served, and would also be ordered to pay a public defender fee. The trial court specified that the State planned to double bill him and to ask for a sentence of thirty months on the multiple bill.
During the colloquy, defendant assured the trial judge that he had not been forced, coerced, intimidated, or promised anything in order to get him to plead guilty. Throughout the guilty plea proceedings, defendant indicated that he understood his rights, that he wished to waive his rights, and that he understood the consequences of his guilty plea, including the sentence that would be imposed. After his detailed exchange with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
On July 12, 2013, defendant appeared for sentencing. At the beginning of the proceedings, defendant made an oral motion to withdraw his guilty plea alleging that his guilty plea was not knowingly and intelligently made because his counsel provided erroneous advice about the length of time he would actually serve in prison. Specifically, his counsel advised him that a plea with a thirty month sentence “would result in him doing 40 percent of that sentence under the good time statutes.” Counsel explained to defendant that he would “essentially have to do twelve months,” and that since he had already served about five and a half months, he would only need to serve an additional six and a half months. In arguing his motion, defense counsel advised the trial court that he did not realize until that morning that defendant did not qualify for good time diminution of sentence because of the multiple offender bill and that had defendant known he had to serve thirty months, he never would have agreed to plead guilty.
After listening to arguments of counsel, the trial court determined that defendant’s guilty plea was knowingly and intelligently entered and accordingly denied his motion to withdraw the plea. In so ruling, the trial judge noted that he |Radvised defendant that his sentence would be thirty months, that he “went through great lengths to insure that he was aware of the sentence, that he understood the sentence,” and that he does not calculate time to be served because computation of time is a function of the Department of Corrections. Further, the court stated: “The fact that he may be under a misbelief as to how his time would be calculated does not affect his plea.” Following this denial, the trial court sentenced defendant, in accordance with the plea agreement, to thirty months in the Department of Corrections.
On August 7, 2013, defendant reurged his motion to withdraw his guilty plea and proffered his testimony, as well as the testimony of his father, Bennie Joseph, Jr., *664 and his life partner, Sefonia Henderson. They all testified that their understanding of the plea agreement was that defendant would only have to serve about seven more months in jail with “good time” credits. In addition, defendant testified that his attorney never told him that he was going to serve thirty months flat time, and had he known that, he never would have entered into the plea agreement. The trial judge thereafter denied defendant’s motion to withdraw his guilty plea. In so ruling, the trial court noted that he conducted a lengthy colloquy with defendant and that he, at no time, indicated to defendant that his sentence was going to be seven and a half months. In addition, the trial court recognized that the plea offer made to defendant was “very good,” especially in light of the fact that defendant was looking at a much longer sentence if he was billed as a quadruple offender.
After a hearing on November 19, 2013, the trial court found defendant to be a multiple offender and vacated his original sentence. In accordance with the plea agreement, the trial court sentenced defendant, as a second felony offender, to | fithirty months with credit for time served. Defendant now appeals.[1] In his sole assigned error, defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. For the reasons that follow, we find no merit to defendant’s argument that his guilty plea was not knowingly and intelligently made because it was based on erroneous advice by his attorney as to the actual amount of time that he would serve in prison.

LAW AND ANALYSIS

Pursuant to LSA-C.Cr.P. art. 559(A), the trial court may permit a defendant to withdraw his guilty plea at any time before he is sentenced. Once a defendant is sentenced, only those pleas that are constitutionally infirm may be withdrawn by appeal or by post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[2] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows that the defendant was informed of his rights and the consequences of his plea and that the plea was entered into voluntarily. State v. Kron, 07-1024 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 120, writ denied, 08-813 (La.10/24/08), 992 So.2d 1039. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. State v. Given, 03-410 (La.App. 5 Cir. 10/28/03), 860 So.2d 237, 242, writ denied, 03-3228 (La.3/26/04), 871 So.2d 346. Moreover, where a defendant’s misunderstanding of the plea bargain is |7not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. State v. Hall, 26,006 (La.App. 2 Cir. 5/4/94), 637 So.2d 645, 647, writ de *665 nied, 94-1373 (La.9/30/94), 642 So.2d 868. A guilty plea also will not be set aside upon a defendant’s unfulfilled expectation of gaining release as early as possible. State v. Perrilloux, 99-1314 (La.App. 5 Cir. 5/17/00), 762 So.2d 198, 203.
In the present case, we find no error in the trial court’s denial of defendant’s motion to withdraw his guilty plea. Our review of the jurisprudence supports this conclusion. In State v. Martin, 48,045 (La.App. 2 Cir. 5/15/13), 115 So.3d 750, 752-753, the defendant argued that the trial court erred by denying his motion to withdraw his guilty plea, advancing an argument similar to the one raised by defendant herein. In particular, the defendant, in the Martin case, alleged that prior to his guilty plea to second degree robbery, his trial counsel had advised him that the offense was not a crime of violence and that he would only serve fifty percent of his sentence pursuant to the diminution of sentence for good behavior under LSA-R.S. 15:571.3. The defendant claimed that he did not discover until after he pled guilty that second degree robbery was a crime of violence, and therefore, he would not receive credit for good time served as his attorney had informed him. Defendant alleged that this misinformation by his trial counsel precluded him from entering a knowing and voluntary plea.
In Martin, the appellate court rejected the defendant’s arguments and found that the trial court properly denied his motion to withdraw his guilty plea. The court noted that the transcript of the guilty plea colloquy reflected that the trial court informed the defendant of his rights and the applicable penalty range. The | defendant admitted that he understood both his rights and the penalty range. The appellate court further noted that at no point during the lengthy guilty plea colloquy did the defendant ask the trial court whether he would be eligible for good time credit if he pled guilty.[3]
In State v. Boston, 14-632 (La.App. 5 Cir. 12/16/14), 167 So.3d 82, the defendant likewise argued that the trial court erred by denying his motion to withdraw his guilty plea. The defendant specifically asserted that his guilty plea was not knowingly and intelligently entered because his trial counsel failed to adequately discover and understand his status as a multiple offender and because his multiple bill status remained unclear.
On appeal, this Court found that the trial court did not err in denying the defendant’s motion to withdraw his guilty plea. In so finding, this Court noted that a review of the record indicated that the defendant was informed of his rights and the consequences of his guilty plea. In particular, the trial court advised the defendant of his possible sentencing exposure and further informed the defendant that he was facing the potential of life imprisonment as a fourth felony offender. In addition, the trial court advised the defendant that upon acceptance of his guilty plea, he would be sentenced to twenty years at hard labor without benefit of probation, parole, or suspension of sentence and that the State agreed not to file a multiple offender bill of information against him. Throughout the colloquy, defendant indicated that he understood his sentencing exposure as well as the actual sentence that would be imposed. Given *666 these circumstances, this Court found no error in the trial court’s denial of his motion to withdraw his guilty plea.
1 ^Likewise, in State v. Green, supra, the defendant sought to withdraw her guilty plea based on erroneous sentencing information given to her by her attorney. In Green, the defendant pled guilty to manslaughter, and during the guilty plea colloquy, she stated her understanding that if she entered into a plea bargain, she would get “like five or six years.” The trial judge' specifically informed her that was not a guarantee, and a pre-sentence investigation with a cap of twenty years would be conducted. The defendant indicated that she understood. Defense counsel also told the court that he understood that the pre-sentence investigation would reflect a sentence of approximately five to six years, or less, and that was the information relayed to the defendant. After the defendant’s guilty plea was accepted, the pre-sentence investigation was completed and indicated an appropriate sentencing range of fifteen to twenty years. The defendant then filed a motion to withdraw the guilty plea, stating she pled guilty under advice of counsel and understood the sentencing range would be five to seven years. At the motion hearing, defense counsel stated he had also understood the sentencing range would be five to seven years and disagreed with the pre-sentence investigation, asking the court to allow the defendant to withdraw her plea. The trial court denied the motion to withdraw her guilty plea, and the defendant appealed.
On appeal, this Court found that after a review of the record, the defendant was indeed fully informed of her rights and the consequences of her guilty plea. Even though her counsel anticipated a sentencing range of between five and seven years and relayed that information to her, during the guilty plea colloquy the defendant reported she understood that the plea bargain was based on a twenty-year cap on the pre-sentence investigation. Therefore, this Court found no error in the trial court’s denial of the defendant’s motion to withdraw her guilty plea.
| inLikewise, in the present case, the record reflects that defendant’s guilty plea was knowingly and voluntarily made. As set forth in the procedural history of the ease, the record reflects that the trial court conducted a lengthy colloquy with defendant. The trial court advised defendant of his rights as well as the consequences of his guilty plea. The trial court explained the possible sentencing range to defendant and further advised him that pleading guilty to a felony charge exposed him to greater penalties as a habitual offender in the event that he would plead guilty or be found guilty of a subsequent felony in the future. The trial court continued by informing defendant that upon acceptance of his plea, he would be sentenced to thirty months in the Department of Corrections, with credit for time served, and would also be ordered to pay a public defender fee. The trial court specified that the State planned to only double bill him and to ask for a sentence of thirty months on the multiple bill.
Throughout the proceedings, defendant indicated that he understood his sentencing exposure in connection with his guilty plea. In addition, defendant and his attorney signed the plea form that set forth that upon acceptance of his guilty plea, he would be sentenced to thirty months with the Department of Corrections. At no time did the trial court or the State indicate to defendant that he would only have to serve forty percent of his sentence. Moreover, at no point during the lengthy colloquy did defendant ask the trial court whether he would be eligible for good time credit if he pled guilty. The *667 record clearly reflects that defendant was aware of the sentence that would be imposed by the trial court upon acceptance of his guilty plea. Under these circumstances, the fact that defendant thought he would be released earlier does not provide a basis for withdrawal of his guilty plea. Further, defendant benefitted substantially from the plea bargain, a factor that Inshould be considered in evaluating a request to withdraw a plea. State v. Green, 860 So.2d at 243.
Accordingly, we find that the trial court did not err in denying defendant’s motion to withdraw his guilty plea.

ERRORS PATENT REVIEW

We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
For the reasons set forth herein, we find no error in the trial court’s denial of defendant’s motion to withdraw his guilty plea and accordingly affirm his conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.

. Defendant did not timely file a motion for appeal; however, his appeal rights were reinstated by the timely filing of an application for post-conviction relief.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. We acknowledge that in the Martin case, the defendant failed to present any evidence supporting his claim that his trial counsel had misinformed him even though his trial counsel was at the hearing to testify. The defendant merely stated that he had believed, based on his trial counsel's representations, that he would be eligible for good time credit if he pled guilty.