Judgment rendered August 18, 2021.

No. 54,233-KW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                      Applicant

versus

RODNEY DONTAE BURKS                                     Respondent

* * * * *

On Application for Writs from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 14-F-1683

Honorable Larry Donell Jefferson, Judge

* * * * *

ROBERT STEPHEN TEW                          Counsel for Applicant
District Attorney

ROBERT NICOLAS ANDERSON
Assistant District Attorney

GEORGE WASHINGTON BRITTON, III             Counsel for Respondent

* * * * *

Before MOORE, GARRETT, and COX, JJ.

**THIS WRIT ORDER IS DESIGNATED FOR PUBLICATION.**

No. 54,233-KW


STATE OF LOUISIANA

VERSUS

RODNEY DONTAE BURKS

FILED: 07/14/21
RECEIVED: EMAIL 07/14/21


On application of the State of Louisiana for POST CONVICTION RELIEF in No. 14-F-1683 on the docket of the Fourth Judicial District, Parish of OUACHITA, Judge Larry Donell Jefferson.


<table>
<tr><td></td><td>Counsel for:</td></tr>
<tr><td>Robert Stephen Tew</td><td>State of Louisiana</td></tr>
<tr><td>Robert Nicolas Anderson</td><td></td></tr>
<tr><td></td><td>Counsel for:</td></tr>
<tr><td>George Washington Britton, III</td><td>Rodney Dontae Burks</td></tr>
</table>


Before MOORE, GARRETT, and COX, JJ.


**WRIT GRANTED; REVERSED; CONVICTIONS AND SENTENCES REINSTATED.**


  The defendant in this matter, Rodney Burks, was originally charged with six felony offenses:

  (1) Attempted second degree murder of Farrah Augurson;
  (2) Second degree kidnapping of Farrah Augurson;
  (3) Home invasion of the dwelling of Ebrima Sawaneh;
  (4) Theft of a motor vehicle belonging to Kim Augurson;
  (5) Aggravated assault with a firearm of Ebrima Sawaneh;
  (6) Aggravated battery of Farrah Augurson.

  On October 30, 2017, the defendant pled guilty to the responsive charge of aggravated battery as to Count One and guilty as charged to aggravated battery on Count Six, pursuant to a plea bargain agreement with agreed-upon sentences of nine years at hard labor on Count One and seven years at hard labor on Count Six, to be served consecutively, for a total sentence of sixteen years at hard labor.  On

November 6, 2017, the agreed-upon sentences were imposed.   Pursuant to the terms of the plea bargain, the State dismissed the four remaining felony charges and agreed not to file habitual offender proceedings against the defendant.

In 2018, the defendant filed a petition for post conviction relief, in which he questioned the validity of his guilty plea.   He argued he was misled by his attorney as to the amount of time he would actually have to serve.   A hearing was held on August 14, 2019, before the same trial court judge who accepted the pleas in 2017. A ruling was eventually rendered in open court on June 3, 2021, and memorialized in a judgment signed on June 4, 2021.   The trial court essentially determined that the defendant was improperly induced to plead guilty due to representations made by his attorney; vacated the guilty pleas, convictions, and sentences; ordered a new trial; and proceeded to set new bonds on the original six counts.

The State seeks review of the trial court's ruling which vacated the pleas and set aside the convictions.   The State contends the trial court erred in ruling that the defendant proved that the guilty pleas were invalid and seeks reinstatement of the defendant's convictions.   We agree with the State's position as explained below.

The petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted.   La. C. Cr. P. art. 930.2.   When a defendant seeks to withdraw a guilty plea and the record establishes that he was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that, despite this record, his guilty plea was involuntary.   *State v. Wooten*, 49,710 (La. App. 2 Cir. 4/15/15), 164 So. 3d 937; *State v. Martin*, 48,045 (La. App. 2 Cir. 5/15/13), 115 So. 3d 750.   A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the bargain are not satisfied.   *See State v. Holmes*, 475 So. 2d 1057 (La. 1985).

Where a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are generally no grounds for withdrawal of the plea.   *State v. Welsh*, 50,567 (La. App. 2 Cir. 5/18/16) 196 So. 3d 1; *State v. Martin, supra.*   In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel.   *State v. Martin, supra.*

In *State v. Joseph*, 14-762 (La. App. 5 Cir. 3/25/15), 169 So. 3d 661, the defendant pled to a reduced charge in exchange for an agreed-upon sentence of 30 months, and the state's promise that it would only multi-bill the defendant as a second-felony offender.   The defendant challenged his guilty plea, because his defense counsel erroneously informed him that he would only be required to serve 40% of his sentence under the good time statute, La. R.S. 15:571.3.   The fifth circuit refused to set aside the defendant's guilty plea, finding that the trial court advised him of the rights he was waiving, the consequences of his guilty plea, the penalty

range for the applicable offense, and the sentence he was to receive under the plea bargain. The fifth circuit cited *State v. Martin, supra*, stating, "[T]he fact that defendant thought he would be released earlier does not provide a basis for withdrawal of his guilty plea.   Further, defendant benefitted substantially from the plea bargain, a factor that should be considered in evaluating a request to withdraw a plea."  *State v. Joseph*, 169 So. 3d at 667.

A review of Burks's guilty plea colloquy on October 30, 2017, shows that the trial court fully advised him of the rights he was waiving under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), informed him of what his agreed-upon sentence would be, and Burks agreed that he was not given an inducement to plead guilty.   Neither the trial court nor the state advised Burks that he would only have to serve 75% of his time.   In fact, the record shows that the trial court informed the defendant that the trial court did not know what the percentage of time was that would have to be served and also noted that this type of issue was an administrative matter.   Thus, this record is abundantly clear that neither the State nor the trial court made any representations to the defendant concerning the amount of time he would have to serve once he was remanded to the Department of Corrections.   At the time the pleas were accepted, the trial court was fully satisfied that the defendant's pleas were made knowingly, intelligently, and voluntarily.   Any alleged misrepresentations made to him by his counsel about the amount of time he would be required to serve do not invalidate his guilty pleas or sentences under the circumstances presented here.   The defendant benefited greatly from the terms of the plea bargain agreement.   It appears from prior writ applications and statements made on the record here that what the defendant really wants is for his sentences to be reduced.   The trial court erred in ruling that the pleas were invalid due to improper inducements.

Accordingly, this writ is granted and the trial court's ruling is reversed. Burks's convictions and sentences are hereby reinstated.

**THIS WRIT ORDER IS DESIGNATED FOR PUBLICATION.**

Shreveport, Louisiana, this _____ day of _____, 2021.


_____          _____          _____



FILED:   _____


_____
                CLERK