PEATROSS, J.
 

 11 After a jury trial, Defendant, Gregory Glenn Caldwell, was convicted of theft of
 
 *250
 
 goods with a value of $500 or more, in violation of La. R.S. 14:67.10. He was subsequently adjudicated a fourth-felony offender and sentenced to 30 years’ imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant now appeals, arguing that his sentence is unconstitutionally excessive. For the reasons stated herein, we affirm.
 

 FACTS
 

 On May 13, 2010, the State filed a bill of information charging Defendant with one count of theft of goods valued at $820.
 
 See
 
 La. R.S. 14:67.10. Defendant was tried before a jury on September 13, 2010.
 

 The State’s sole witness was Ruby Cooper, an employee of Dillard’s Department Store in Mall St. Vincent in Shreveport, Louisiana. Ms. Cooper testified that, on March 6, 2010, she was conducting store surveillance, which was recorded on DVD. Ms. Cooper testified with regard to the events taking place on the DVD as it was played for the court.
 

 Ms. Cooper testified that she saw Defendant enter the Dillard’s store
 
 via
 
 the east entrance where the men’s department is located. Defendant began browsing around in the area of the store where the Polo merchandise was located and appeared at times to be talking to someone on his cell phone. Ms. Cooper then saw Defendant remove a Dillard’s shopping bag from his pocket and place merchandise from one of the display tables inside the bag. Defendant did not take the bag to any registers to pay for the items and proceeded to walk out of the store.
 

 |2Ms. Cooper then advised Dillard’s manager Matthew Sitter
 
 via
 
 radio communication that Defendant was exiting the store with stolen merchandise. Mr. Sitter approached Defendant outside the store and recovered the bag of stolen items from Defendant. In the bag recovered from Defendant, Ms. Cooper counted ten shirts with a total value of $820.
 
 [1]
 

 After presenting the testimony of Ms. Cooper, the State rested its case. Defendant chose not to testify and did not call any witnesses. When the trial ended, the jury deliberated and returned a verdict of guilty as charged.
 

 On September 15, 2010, the State filed a habitual offender bill of information alleging Defendant to be a fourth-felony offender. Prior to the adjudication hearing, Defendant filed a
 
 Dorthey
 
 motion seeking a downward deviation from the statutory sentencing provisions of the habitual offender statute.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). The adjudication hearing was held on October 27, 2010, during which the State presented evidence of Defendant’s three prior felony convictions:
 

 1) On March 9, 1998, in the First Judicial District Court under lower court docket number 188,453, Defendant pled guilty to middle grade felony theft;
 

 2) On April 6, 2000, in the First Judicial District Court under lower court docket number 207,142, Defendant pled guilty to theft of goods;
 

 3) On September 9, 2003, in the First Judicial District Court under lower court docket number 224,349, Defendant pled guilty to one count of carjacking and one count of aggravated flight from an officer.
 

 Din light of his most recent felony theft offense and his three prior felony convic
 
 *251
 
 tions, the trial judge adjudicated Defendant a fourth-felony offender. The trial judge also denied Defendant’s
 
 Dorthey
 
 motion on the grounds that his case did not present any unusual or rare circumstances under which such deviations are warranted.
 
 State v. Dorthey, supra.
 
 To the contrary, the trial judge pointed out that Defendant’s criminal history was so extensive that he was the opposite of the type of defendant for whom such deviations were to be considered.
 

 Defendant was sentenced the following day on October 28, 2010. At the sentencing hearing, Defendant testified and expressed his remorse as well as his belief that his addiction to drugs was largely responsible for his extensive criminal history. The trial judge again reviewed Defendant’s criminal history noting that, since August 5, 1979, he had been arrested a total of 52 times, often on multiple charges. Of all his arrests, Defendant had been convicted of 12 felonies and 89 misdemeanors. The trial judge also observed that Defendant had been released on parole at least five times during his criminal career only to have his parole revoked for new criminal conduct. In mitigation, the trial judge considered Defendant’s age and his participation in various prison programs for which he had received certificates of completion.
 

 As previously stated, the trial judge ordered Defendant to serve 30 years’ imprisonment at hard labor without the benefit of probation or suspension of sentence. This appeal ensued.
 

 |
 
 «DISCUSSION
 

 Assignment of Error Number One (verbatim,):
 
 The Court erred by imposing the sentence of thirty years at hard labor without benefits upon Gregory Glenn Caldwell.
 

 Defendant argues that his 30-year hard labor sentence was excessive because he is not “the worst of offenders,” he is not violent, he has shown remorse and, because he is 51 years old, a 30-year sentence essentially equates to a life sentence. Defendant contends that the trial judge did not give these mitigating factors sufficient weight during sentencing.
 

 The State argues that, in light of Defendant’s extensive criminal history, a 30-year sentence for a fourth-felony habitual offender is not excessive.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial judge took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.
 

 Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 L(La.l982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La. App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ
 
 
 *252
 

 denied,
 
 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey, supra; State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 In
 
 State v. Dorthey, supra,
 
 the Louisiana Supreme Court held that, in habitual offender cases, the downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts | fithe presumption of constitutionality by showing clear and convincing evidence that he is exceptional, namely, that he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender and the circumstances of the case.
 

 Later, in
 
 State v. Johnson,
 
 97-1906 (La.3/4/98), 709 So.2d 672, the supreme court specified that “[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality.” The supreme court further emphasized that “departures downward from the minimum sentence under the habitual offender law should occur only in rare situations.”
 
 Id.
 

 At the time of Defendant’s offense, La. R.S. 14:67.10(B)(1) provided that a person who commits the crime of theft of goods with a value of $500 or more shall be imprisoned, with or without hard labor, for not more than ten years or fined not more than $3,000 or both.
 

 At the time of Defendant’s offense, the Habitual Offender Law, La. R.S. 15:529.1, provided in part as follows:
 

 (A)(1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
 

 (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
 

 (i) The person shall be sentenced to imprisonment for the |7fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[-]
 

 Having been adjudicated as a fourth-felony offender based on his most recent conviction for theft of goods with a value in excess of $500, the sentencing range applicable to Defendant was imprisonment, with or without hard labor, for not less than 20 years nor more than his natural life.
 

 Defendant’s argument that he is not “the worst of offenders” is of no consequence to the issue presented by this appeal because Defendant did not receive a maximum or near-maximum sentence. Additionally, while Defendant argues that
 
 *253
 
 he is “not violent,” two of his prior felony convictions proven during his habitual offender hearing were carjacking and aggravated flight from an officer, both of which are listed as crimes of violence under La. R.S. 14:2(B).
 

 The record shows that the trial judge adequately considered the factors listed in La. C. Cr. P. art. 894.1 prior to imposing Defendant’s sentence. As noted by the trial judge, Defendant has an extensive criminal history, having been arrested 52 times since 1979, resulting in 12 felony convictions and 39 misdemeanor convictions. Giving weight to the mitigating factors, however, the trial judge found that a low to mid-range sentence was appropriate.
 

 The 80-year sentence imposed for Defendant, whose extensive criminal history far exceeds that for which the legislature has provided in the habitual offender law, does not shock the sense of justice, is not grossly out of proportion to the seriousness of the offense and does not needlessly Isinflict pain and suffering. Defendant has previously received leniency in his prior offenses only to continue to commit crimes while on parole. There is no clear and convincing evidence which would rebut the presumption of constitutionality of the statutory minimum sentence justifying a downward departure under
 
 Dorthey, supra.
 
 The sentence in this matter is tailored to both Defendant and his offense.
 

 Accordingly, we find this assignment of error to be without merit.
 

 CONCLUSION
 

 For the foregoing reasons, the sentence of Defendant, Gregory Glenn Caldwell, is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Ms. Cooper arrived at the value of $820 by adding up the ticketed retail price of the ten items in the bag.