MOORE, J.
|;The defendant, Tammy Anderson, was charged with access device fraud and theft of the assets of an aged person. Pursuant to a plea agreement, she pled guilty to middle grade theft. She was sentenced to serve four years at hard labor, with credit for time served, a $1,000 fíne plus court costs, or 60 days in jail with credit for time served. She now appeals her sentence.
FACTS
On February 21, 2013, Anderson was charged with committing theft of assets of an aged person, Morene M. Walston, in violation of La. R.S. 14:67.21, during the period from July to October 2012.
On July 22, 2013, Anderson appeared and withdrew her plea of not guilty, and entered a guilty plea to middle grade theft, La. R.S. 14:67, in exchange for the state’s agreement not to file a multiple-offender bill and to dismiss another charge of access device fraud.
The record shows that the trial court determined that Anderson understood the proceedings and freely and voluntarily waived her rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Anderson admitted that she worked for Morene M. Walston, age 93, in Webster Parish during the months of July 2012 through October 2012. During that time she used and appropriated the victim’s assets without her authority. The state requested restitution in the amount of $21,043,20. The trial court concluded that Anderson’s plea was freely and voluntarily given and accepted her guilty plea.
12Anderson appeared for sentencing on September 23, 2013. The trial court noted that Anderson obtained her GED, attended college and held several restaurant jobs. Anderson is divorced and has one daughter, 17, and one son, 4, both of whom live with her ex-husband. The PSI revealed that Anderson has a considerable record of offenses, mostly drug-related, involving procurement of controlled dangerous substances by fraud, but also forgery and felony theft.
The instant offense was discovered when the victim’s grandson met the defendant while conducting a ministry with his wife at the jail where Anderson was incarcerated. Because Anderson had no place to stay and no job to support herself on release, they allowed her to stay at his grandmother’s home, rent-free, in exchange for her assistance in caring for his grandmother. During the months of her employment, Anderson would frequently take Mrs. Walston’s car during the night and leave her at home alone. Additionally, items went missing. The Browns fired Anderson. Thereafter, Mr. Brown discovered the money was missing when he attempted to reconcile his grandmother’s bank account for her. Fourteen checks, some written before the defendant was fired and some after, were forged by Anderson. The PSI indicates that most of the money was recovered.
Mr. Brown did not want restitution because he believed Anderson would only victimize someone else, and the trial court agreed. It sentenced Anderson to four years at hard labor, with credit for time served, and was fined $1,000 plus court costs, or 60 days in jail with credit for time served.
| .¡Anderson filed a motion to reconsider sentence on October 1, 2013, in which she claimed that although her sentence was within the statutory guidelines, her sentence was constitutionally excessive. Specifically, she alleged that the sentence was merely punitive and would not achieve any goal of rehabilitation. The trial court denied the motion on October 21, 2013. *315 Anderson’s motion for appeal was filed and granted on November 19, 2013.
DISCUSSION
Anderson’s sole assignment of error is that the trial court erred in imposing a sentence herein that is unconstitutionally excessive. She argues that the sentence fails to provide her with the opportunity to be rehabilitated and to re-enter society as a productive member, and that the punishment is not reasonable for her nonviolent crime. She argues that four years in prison for a nonviolent offense was nothing more than a purposeless and needless imposition of pain and suffering.
In opposition, the state argues that Anderson stole $21,043.20 and received considerable benefit from the state’s agreement to dismiss another charge, allow her to plead guilty to a charge with a reduced sentence exposure, and not file a multi-bill against her in light of her criminal record. After carefully considering the defendant’s personal situation and all mitigating and aggravating circumstances, the trial court imposed a sentence that was less than the maximum.
La. R.S. 14:67 defines theft as follows:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of |4fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one thousand five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both.
La. R.S. 14:67.21 defines theft of the assets of an aged or disabled persons as follows:
B. Theft of the assets of an aged person or disabled person is any of the following:
(1) The intentional use, consumption, conversion, management, or appropriation of an aged person’s or disabled person’s funds, assets, or property without his authorization or consent for the profit, advantage, or benefit of a person other than the aged person or disabled person without his authorization or consent.
(2) The intentional misuse of an aged or disabled person’s power of attorney to use, consume, convert, manage, or appropriate any funds, assets, or property of an aged person or disabled person for the profit, advantage, or benefit of a person other than the aged person or disabled person without his authorization or consent;
(3) The intentional use, consumption, conversion, management, or appropriation of an aged person’s or disabled person’s funds, assets, or property through the execution or attempted execution of a fraudulent or deceitful scheme designed to benefit a person other than the aged person or disabled person.
C. (1) Whoever commits the crime of theft of the assets of an aged person or disabled person when the value of the theft equals one thousand five hundred *316 dollars or more may be imprisoned, with or without hard labor, for not more than ten years and shall be fined not more than three thousand dollars, [5or both.
(2) Whoever commits the crime of theft of the assets of an aged person or disabled person when the value of the theft equals five hundred dollars or more, but less than one thousand five hundred dollars may be imprisoned, with or without hard labor, for not more than five years and shall be fined not more than two thousand dollars, or both.
E. In addition to all other penalties, a person convicted under this Section shall be ordered to make full restitution to the victim and any other person who has suffered a financial loss as a result of the offense. If a person ordered to make restitution pursuant to this Section is found to be indigent and therefore unable to make restitution in full at the time of conviction, the court shall order a periodic payment plan consistent with the person’s financial ability.
The trial court has wide discretion in imposing sentence 'within minimum and maximum limits allowed by the statute. A sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App. 2 Cir. 1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App. 2 Cir. 9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App. 2 Cir. 10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App. 2 Cir. 9/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.3/9/12), 84 So.3d 551.
A sentence is reviewed for ex-cessiveness by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether it is constitutionally excessive. State v. Gardner, | fi46,688 (La.App. 2 Cir. 11/2/11), 77 So.3d 1052. Where the defendant’s motion to reconsider sentence alleges mere excessiveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App. 2 Cir. 9/21/11), 72 So.3d 952.
The sentencing court is not required to list every aggravating or mitigating circumstance; the court must merely articulate the factual basis for imposing the sentence. State v. Cunningham, 46,-664 (La.App. 2 Cir. 11/2/11), 77 So.3d 477. The defendant’s personal history and criminal record, as well as the seriousness of the offense are some of the elements considered, but the trial court is not required to weigh any specific matters over other matters. State v. Moton, 46,607 (La.App. 2 Cir. 9/21/11), 73 So.3d 503, writ denied, 2011-2288 (La.3/30/12), 85 So.3d 113; State v. Caldwell, 46,645 (La.App. 2 Cir. 9/21/11), 74 So.3d 248, writ denied, 2011-2348 (La.4/27/12), 86 So.3d 625. All convictions and all prior criminal activity may be considered as well as other evidence normally excluded from the trial. State v. Platt, 43,708 (La.App. 2 Cir. 12/3/08), 998 So.2d 864, writ denied, 2009-0265 (La.l 1/6/09), 21 So.3d 305. Maximum sentences are generally reserved for the worst offenses and offenders. State v. Taylor, 41,898 (La.App. 2 Cir. 4/4/07), 954 So.2d 804.
Under constitutional review, a sentence can be excessive, even when it falls *317 within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App. 2 Cir. 11/2/11), 77 So.3d 1047.
|7After review, we find no abuse of discretion by the sentencing court regarding the sentence imposed, nor do we find the sentence imposed to be constitutionally excessive. Anderson received a considerable benefit from the plea agreement that allowed her to plead to a lesser charge, to have the charge of access device fraud dismissed, and not face a multi-bill based on her prior felonies. Anderson’s four-year sentence at hard labor and $1,000 fine fall within the statutory range. The PSI shows that several times the courts have shown her leniency and partially suspended her sentences in favor of probation, but her criminal history shows a pattern of theft and fraud instead of rehabilitation. The sentence imposed was less than the maximum available prison time and only half the possible fine. Furthermore, Anderson was not required to pay any restitution. The Browns generously gave Anderson a place to live rent-free and a job and in exchange she took advantage of them and stole a considerable sum of money from their grandmother. The sentence imposed is not grossly disproportionate to the severity of the crime and does not shock the sense of justice.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.