PITMAN, J.
| defendant William Gene Wooten pled guilty to possession of methamphetamine and was sentenced to serve five years’ imprisonment at hard labor, with credit for time served. He appeals his conviction and sentence. For the following reasons, we affirm Defendant’s conviction and sentence.

FACTS

On March 16, 2013, officers of the Metro Narcotics Unit of West Monroe were told by a confidential informant that methamphetamine was being sold out of a residence located in a mobile home park called Sunshine Estates on Highway 3033 in West Monroe. Defendant and others lived at the mobile home. The informant had been inside the home within the 24 hours prior to the report and had seen paraphernalia used in the manufacture of methamphetamine. After a controlled buy was conducted there, the officers obtained a search warrant for the residence.
Defendant was present when the officers arrived to execute the search warrant. During a safety pat down, officers observed a syringe in Defendant’s front pants pocket containing a liquid that the officers believed to be methamphetamine. Defendant told them it “probably was” methamphetamine, which was later confirmed by crime lab tests. Inside the residence, officers found money, guns, syringes, spoons, cotton tips, empty baggies, digital scales and numerous baggies of different sizes that contained suspected methamphetamine. A field test was positive for methamphetamine, and over 86 grams were recovered from a closet inside the residence.
[^Defendant was arrested and charged with one count of possession of a Schedule II controlled dangerous substance, methamphetamine, in violation of La. R.S. 40:967, and one count of possession of drug paraphernalia, in violation of La. R.S. 40:1023. Counsel was appointed for him, and he pled not guilty.
A jury trial was scheduled for February 3, 2014; however, on that day, Defendant announced his intention to withdraw his former plea of not guilty and plead guilty in exchange for the state’s agreement to dismiss the charge of possession of drug paraphernalia and not to file a habitual offender bill against him. Although Defendant proposed a four-year sentence with no presentence investigation (“PSI”), the state would not agree to a sentence, and the sentence was left to the trial court to determine.
Prior to questioning Defendant and deciding to accept his guilty plea, the trial court discussed with him the possible sentence options. It explained to Defendant that he had agreed to a sentence of four years at hard labor, which meant a four-year sentence would be imposed, not a cap of four years. The cap would be five years, the maximum sentence provided in the law for the crime. However, the trial court also stated that, because Defendant was a drug user in need of substance abuse treatment and because a PSI was not really needed, it would impose a four-year sentence if no PSI was ordered; or, if he wanted to plead guilty with a PSI, he could be sentenced the maximum of five years. Defendant informed the court that he had one prior conviction and believed it would be advantageous to him to be sentenced with a PSI. The trial court confirmed that Defendant was ^pleading guilty of his own free will, had not received any threats or offers and was pleading guilty because he was guilty. It explained
*941 Defendant’s constitutional rights to him, which rights he waived, advising the court that he understood the consequences of the waiver. The trial court also explained that, by pleading guilty, Defendant would waive his right to appeal his conviction, but not his right to appeal the sentence because he did not have an agreed-upon sentence.
The state provided a statement of the facts that occurred on March 16, 2013, including that officers were executing a search warrant on Defendant’s residence, that Defendant was present during a safety pat down and that a syringe had been found in his pants pocket. The syringe was thought by officers to contain methamphetamine, which crime lab analysis later confirmed.
The trial court found that Defendant made a knowing, intelligent and voluntary waiver of his constitutional rights; that he understood the nature of the charges and the consequences of pleading guilty; and that there was a sufficient factual basis for the guilty plea. The plea was accepted, and the trial court ordered a PSI. Defendant signed a written waiver of his constitutional rights.
Sentencing was held on May 12, 2014, after the trial court received the PSI. Defendant had filed a motion to substitute counsel and a motion to withdraw his guilty plea. Counsel was allowed to be substituted, but the trial court denied the motion to withdraw the guilty plea. It stated that Defendant’s constitutional rights and the facts of the case were reviewed on |4the date the guilty plea was entered, and there were no grounds to allow him to withdraw his plea. It further remarked that this appeared to be a last-minute "attempt to set aside the guilty plea, which was merely a dilatory effort by Defendant.
The trial court considered the PSI and noted that Defendant had an extensive criminal history, which included that he had pled guilty to two counts of molestation of a juvenile in 1992 and had been sentenced to ten years’ imprisonment on each count, to run concurrently. His parole was revoked on April 7, 2000. In July 1998, Defendant pled guilty to driving while intoxicated. In January 2008, he pled guilty to issuing worthless checks. In March 2008, a charge for auto theft was dismissed. In April 2009, he was arrested for operating a laboratory for manufacturing of a controlled dangerous substance. Defendant pled guilty to that charge in December 2009 and was sentenced to six years’ imprisonment at hard labor, which was suspended, and three years’ probation.
The trial court noted Defendant’s social history, that he has two biological children and two stepchildren, all of whom are now adults and do not live with, or depend on, him for support. He has a first-grade education and taught himself to read and write, but never attained a GED. He has been employed over the years as a heavy equipment operator and as a gas and diesel mechanic. It considered the factors found in La. C. Cr. P. art. 894.1 and the information provided in the PSI, noting that Defendant could have faced other charges and that he benefited by the state’s decision not to file a multiple offender bill against him. It sentenced him to the |fimaximum sentence of five years’ imprisonment at hard labor. Since Defendant was a third felony offender, he was not eligible for probation. Defendant filed a pro se motion to reconsider sentence, which was denied by the trial court.
Defendant has filed this appeal seeking review of his conviction and sentence.

DISCUSSION

Withdrawal of guilty plea

Defendant contends that the trial court erred in denying his motion to withdraw *942 his guilty plea because it failed to consider that he only had a first grade education, he had to teach himself to read and write, he had no GED, he clearly misunderstood the nature of the PSI and he changed his attorney after his guilty plea and before sentencing. He argues that these facts indicate that his guilty plea was not a knowing or voluntary and intelligent relinquishment of his fundamental rights to a trial by jury, right to confront his accusers and privilege against self-incrimination. He also argues that the trial court did not properly exercise its discretion because it failed to conduct a hearing on his motion to withdraw his guilty plea.
The state argues that Louisiana law provides that the court, in its discretion, may allow a guilty plea to be withdrawn any time before sentencing; however, a defendant has no absolute right to withdraw a guilty plea. The trial court’s refusal to allow a guilty plea to be withdrawn is subject to reversal only if the trial court’s discretion is abused or arbitrarily exercised. The state contends that Defendant was offered a plea bargain |fiagreement in which he would plead guilty, and the state would agree to dismiss the charge of possession of paraphernalia and not to prosecute him as a habitual offender. The state further argues that the trial court thoroughly discussed the difference in possible sentences between the acceptance of the plea with and without a PSI. The state also contends that the trial court made a conscientious and meticulous effort to explain the conditions of the plea and to determine the voluntariness of the plea; therefore, there was no abuse of discretion in the trial court’s refusal to grant Defendant’s motion to withdraw the guilty plea.
La. C. Cr. P. art. 559(A) states that the court may permit a plea of guilty to be withdrawn at any time before sentence. In State v. Martin, 48,045 (La.App.2d Cir.5/15/13), 115 So.3d 750, this court stated that the discretion to allow the withdrawal of a guilty plea lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. Id., citing State v. Harris, 43,069 (La.App.2d Cir.3/19/08), 980 So.2d 174. A defendant has no absolute right to withdraw a guilty plea. Id. When a defendant seeks to withdraw a guilty plea and when the record establishes that he was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, then the burden shifts to the accused to prove that, despite this record, his guilty plea was involuntary. Id., citing State v. Wynne, 40,921 (La.App.2d Cir.4/12/06), 926 So.2d 789. Where a defendant’s misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. Id., citing 17 State v. Hall, 637 So.2d 645 (La.App. 2d Cir.1994), writ denied, 94-1373 (La.9/30/94), 642 So.2d 868. In the absence of fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. Id.
The guilty plea transcript shows that Defendant was properly advised of his constitutional rights and the penalty for possession of methamphetamine. He repeatedly stated that he understood his rights and sentencing exposure. He confirmed the factual basis for the plea and said he was pleading guilty because he was guilty.
The facts do not support Defendant’s argument that he did not understand the rights he was waiving by pleading guilty. His criminal history indicates that he has pled guilty numerous times before, and he told the trial court that he understood the rights he was waiving when he pled guilty *943 in the past. The trial court questioned him thoroughly about the knowing and voluntary nature of his guilty plea, and Defendant indicated that he understood his rights, yet still chose to waive them. He was informed at length about the difference in possible sentences, with and without a PSI, and he still chose to have the PSI. There is nothing in the record to show that Defendant did not knowingly and voluntarily plead guilty. For those reasons, this assignment of error is without merit.

Excessive Sentence

Defendant also argues that the trial court erred as a matter of law in denying his motion to reconsider sentence and in rendering an excessive sentence. In his pro se motion to reconsider sentence, Defendant raised acclaim of ineffective assistance of counsel, contending that his court-appointed attorney never advised him of his legal rights and did not provide him with a proper defense, leaving him with no option other than to plead guilty. He argues that the imposition of the maximum sentence of five years was inappropriate since the amount of methamphetamine in the syringe found in his pocket was not disclosed. He also argues that the crime lab report did not indicate the quantity of the drug in the syringe. Because the maximum sentence is reserved for the worst offenses and the worst offenders, and he is neither, he argues that the sentence imposed is excessive.
The state argues that over 86 grams of methamphetamine were found at Defendant’s residence, along with drug paraphernalia for the manufacture and sale of methamphetamine. The confidential informant saw Defendant and others manufacturing methamphetamine. The state points out that Defendant obtained substantial income from his drug activities, he had three felony convictions and his second charge for possession of paraphernalia was dismissed. It also argues that, given the facts of the case and Defendant’s criminal history, the maximum sentence was not excessive.
The penalty for possession of methamphetamine, found in La. R.S. 40:967(C)(2), is imprisonment, with or without hard labor, for not more than five years, and an optional fine of not more than $5,000. To support a conviction for possession of a controlled dangerous substance, the state must prove the defendant was in possession of the illegal drug and that he knowingly possessed the drug. State v. Lewis, 48,373 (La.App.2d Cir.9/25/13),9 125 So.3d 482. A conviction for possession of controlled dangerous substances may rest on the possession of mere traces or residue of the substance. See State v. White, 535 So.2d 929 (La.App. 2d Cir.1988), writ denied, 537 So.2d 1161 (La. 1989); State v. Daggs, 36,216 (La.App.2d Cir.8/14/02), 823 So.2d 1093.
The trial court has wide discretion in imposing a sentence within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial 'court abused its discretion. State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque , 46,515 (La.App.2d Cir.9/21/11), 73 *944 So.3d 1021, writ denied, 11-2347 (La.3/9/12), 84 So.3d 551.
An excessive sentence is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La. App.2d Cir.11/2/11), 77 So.3d 1052. Where the defendant’s motion to reconsider sentence alleges mere excessiveness of sentence, on appeal the reviewing court is limited to considering whether l10the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App.2d Cir.9/21/11), 72 So.3d 952.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Taylor, 41,898 (La. App.2d Cir.4/4/07), 954 So.2d 804. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, vnit, denied, 96-0836 (La.9/20/96), 679 So.2d 430. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain. State v. Black, supra.
The defendant’s personal history and criminal record, as well as the seriousness of the offense, are some of the elements considered, but the trial court is not required to weigh any specific matters over other matters. State v. Caldwell, 46,-645 (La.App.2d Cir.9/21/11), 74 So.3d 248, writ denied, 11-2348 (La.4/27/12), 86 So.3d 625; State v. Moton, 46,607 (La.App.2d lnCir.9/21/11), 73 So.3d 503, writ denied, 11-2288 (La.3/30/12), 85 So.3d 113.
Defendant was thoroughly advised of his legal rights by the trial court prior to sentencing, and he was given the option of accepting a four-year sentence without the PSI, or to risk the maximum of five years’ imprisonment with a PSI. Defendant chose to have the PSI provided to the trial court. The sentence fell within the statutory guidelines and was imposed after full consideration of Defendant’s social and extensive criminal history. The trial court noted that, despite the earlier conviction for operating a clandestine laboratory for the manufacture of a controlled dangerous substance, and the other court’s lenience in granting Defendant probation in that matter, Defendant persisted in the same criminal conduct by running a methamphetamine lab out of his home. The factual basis for the sentence indicated that Defendant was not only in possession of the methamphetamine on his person, but also of over 86 grams found in his home.
Given Defendant’s history of criminal convictions, the repetition of the same criminal conduct and the facts of this case, the imposition of the maximum term of imprisonment is not disproportionate to the severity of the crime and does not shock the sense of justice or present a meaningless imposition of pain and suffering. The imposed sentence is not constitutionally excessive. This assignment of error is, therefore, without merit.
*945 | ^CONCLUSION '
For the foregoing reasons, the conviction and sentence of William Gene Wooten are hereby affirmed.
AFFIRMED.