Judgment rendered March 3, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,796-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CHRISTOPHER FISK                            Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 19-CR-30192

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By:  Peggy J. Sullivan

CHARLES B. ADAMS                       Counsel for Appellee
District Attorney

GEORGE WINSTON III
Assistant District Attorney

* * * * *

Before GARRETT, THOMPSON, and BODDIE (*Ad Hoc*), JJ.

**GARRETT, J.**

The defendant, Christopher Fisk, pled guilty to one count of accessory after the fact to simple burglary of an inhabited dwelling and one count of accessory after the fact to simple burglary. He was sentenced to serve five years at hard labor on each count, with the sentences to be served concurrently. Fisk appeals his sentences as unconstitutionally excessive. For the following reasons, we affirm the convictions and sentences.

## FACTS

On April 19, 2019, Fisk assisted another man who burglarized a house and barn. Fisk parked near the area and helped the man carry stolen items away from the property. Fisk was charged by bill of information with one count of accessory after the fact to simple burglary of an inhabited dwelling and one count of accessory after the fact to simple burglary. In January 2020, he entered pleas of guilty as charged to both offenses. The state agreed not to file a habitual offender bill, but there was no agreement on sentencing. In April 2020, he was sentenced to serve five years at hard labor on each count, with the sentences to be served concurrently. Fisk timely filed a motion to reconsider sentence, arguing that the maximum sentences were excessive. He claimed that he aided in the identification and arrest of the individual who committed the burglaries, no gun or violence was used in the offenses, the residents were not at home when the burglaries were committed, he was on drugs when he committed the offenses, and he pled guilty to avoid the necessity of a trial. The motion was denied by the trial court without a hearing. Fisk now appeals his sentences, arguing that the imposition of the maximum sentences of incarceration was unconstitutionally excessive, given the circumstances of the case.

## LEGAL PRINCIPLES

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*.

Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has

great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Robinson*, 49,825 (La. App. 2 Cir. 5/20/15), 166 So. 3d 403; *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760; *State v. Wooten*, 49,710 (La. App. 2 Cir. 4/15/15), 164 So. 3d 937; *State v. Key*, 46,119 (La. App. 2 Cir. 3/2/11), 58 So. 3d 578, *writ denied*, 11-0594 (La. 10/7/11), 71 So. 3d 310; *State v. Boudreaux*, 44,502 (La. App. 2 Cir. 9/23/09), 21 So. 3d 1022. *See also State v. Washington*, 52,518 (La. App. 2 Cir. 2/27/19), 266 So. 3d 430, *writ denied*, 19-00776 (La. 10/21/19), 280 So. 3d 1174. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra*; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-

3514 (La. 12/13/04), 893 So. 2d 7; *State v. Duncan*, 47,697 (La. App. 2 Cir. 1/16/13), 109 So. 3d 921, *writ denied*, 13-0324 (La. 9/13/13), 120 So. 3d 280.

The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West*, *supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writs denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, 20-00307 (La. 9/8/20), 301 So. 3d 30; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

Simple burglary of an inhabited dwelling has a sentencing range of imprisonment at hard labor for not less than one year nor more than 12 years. La. R.S. 14:62.2. Simple burglary has a sentencing range of a fine of not more than $2,000, imprisonment with or without hard labor for not more than 12 years, or both. La. R.S. 14:62. Whoever becomes an accessory after the fact shall be fined not more than $500, or imprisoned, with or without hard labor, for not more than five years, or both; provided that in no case shall the punishment be greater than one-half of the maximum provided by law for a principal offender. La. R.S. 14:25.

4

**DISCUSSION**

On appeal, Fisk argues that the imposition of maximum concurrent sentences is unconstitutionally excessive under the facts of this case. He points out that he has no convictions for crimes of violence, he was eligible for probation, and he needs drug abuse treatment that could have been ordered as part of a probated sentence. He urges that he is a family man in a long-term relationship, has two children, and has a good work history. Under the facts presented, we find that the sentences imposed are not unconstitutionally excessive.

The record shows that the trial court adequately considered the sentencing criteria set forth in La. C. Cr. P. art. 894.1 in imposing these sentences upon Fisk. A sentencing hearing was held in this matter on April 9, 2020, by video conference, with the consent of all parties. The trial court reviewed materials provided by defense counsel that were not filed into the record. The trial court also considered a presentence investigation ("PSI") report and a letter submitted by the defendant. The trial court noted that Fisk was 41 years old at the time the offenses were committed and was 42 years old at the time of sentencing. The trial court noted that Fisk had been adopted at the age of ten months and had a good relationship with his adoptive parents and sister, all of whom were deceased. Fisk had contacted his biological mother, but did not have a good relationship with her. Fisk was single, but had been in a relationship with his girlfriend for 19 years. They have two children together, aged 19 and 17.

Fisk obtained a GED and was a certified welder. He had worked as a mechanic on a pipeline for 15 years. Fisk had a long history of drug abuse

beginning when he was a teenager. In 2016, he attended a 25-day drug program at the Red River Treatment Center in Pineville, Louisiana.

The trial court noted that Fisk had an extensive criminal history and the present offenses were his third felony conviction. According to the trial court, Fisk was arrested in March 2011 for resisting an officer and unauthorized use of a credit card over $500. In connection with that arrest, in May 2012, Fisk pled guilty to the charge of resisting an officer and was sentenced to 15 days in the parish jail. In June 2013, he pled guilty to the charge of unauthorized use of a credit card over $500 and was sentenced to two years at hard labor. The sentence was suspended. He was placed on three years' supervised probation. He performed poorly on probation due to multiple violations, including a failed drug screen and failure to meet financial obligations. His probation was extended for two years due to failure to pay restitution. On May 30, 2017, his probation was terminated unsatisfactorily.

In April 2013, Fisk was arrested for contempt of court, creation/operation of a clandestine laboratory for the manufacture of controlled dangerous substances, intent to manufacture or distribute a Schedule II controlled dangerous substance, and possession of a Schedule II controlled dangerous substance. In connection with that arrest, Fisk pled guilty in March 2014 to possession with intent to manufacture or distribute a Schedule II controlled dangerous substance and possession of a Schedule II controlled dangerous substance. He was sentenced to serve five years at hard labor. The sentence was suspended and he was placed on five years' supervised probation. Due to Fisk's failure to adhere to the special conditions of probation and his multiple violations of the Rapides Parish

6

Drug Court Program, his probation was terminated unsatisfactorily on May 30, 2017.

The trial court observed that Fisk had numerous misdemeanor convictions. In 1999, he pled guilty to having an expired license plate and no driver's license. He pled guilty in 2004 to speeding and reckless operation of a vehicle. In 2011, he pled guilty to theft. He pled guilty to domestic abuse battery in 2009, and, in 2017, he pled no contest to another charge of domestic abuse battery. Fisk pled guilty to possession of drug paraphernalia in 2018. He pled guilty to simple battery in 2019. The trial court observed that Fisk had numerous other arrests that were *nolle prossed*, dismissed, or not billed.

The trial court stated that it reviewed a letter from the defendant and documents that were submitted by his counsel. The trial court noted the sentence ranges for the offenses in this case. The court considered all the information presented during the guilty plea, the PSI report, and the sentencing guidelines of La. R.S. 14:894.1.

The trial court noted that lesser sentences than those imposed would deprecate the seriousness of Fisk's offenses. The trial court observed that, in the past, Fisk performed poorly on probation, resulting in unsatisfactory terminations. In light of those factors, the trial court sentenced Fisk to serve five years at hard labor on both charges, to be served concurrently, with credit for time served. The trial court noted that Fisk said he was using methamphetamines on the day of the offenses and the court recommended substance abuse treatment while Fisk is serving his sentences. Fisk was properly informed of the delays for applying for post conviction relief.

7

We have reviewed the record in its entirety and find that the sentences imposed by the trial court were not unconstitutionally excessive under the facts of this case. The trial court considered Fisk's personal history, noting that he had a stable employment history and had maintained a relationship with the mother of his children for many years. However, he also had a significant criminal history, which included several instances of domestic abuse battery. Fisk could have been charged as a third felony offender, but the state agreed not to do so as part of the plea agreement. The PSI shows that, although charged as an accessory after the fact to both simple burglary of an inhabited dwelling and simple burglary, Fisk was an active participant in these burglaries. Therefore, even though the maximum sentences of incarceration were imposed, Fisk received the benefit of a favorable plea agreement and was charged with lesser offenses than those actually committed.

Fisk argues that the trial court erred in failing to suspend his sentence and place him on probation. He had been placed on supervised probation twice for prior offenses and, in both instances, he failed to satisfactorily complete probation. At oral argument, counsel for Fisk argued that his failures were attributable to "being poor." We note that Fisk purports to have maintained employment for 15 years. The record shows that his probation difficulties were not only attributable to failure to pay fines and restitution, but also to failed drug screens, failure to adhere to special conditions of probation, and multiple violations of the Rapides Parish Drug Court Program.

These circumstances demonstrate that there is an undue risk that Fisk would commit another crime during a period of a suspended sentence or

probation. Also, given Fisk's long history of substance abuse and his failure to respond favorably to previous periods of probation, he is in need of correctional treatment or a custodial environment that can be most effectively provided by his commitment to an institution. As stated by the trial court, lesser sentences than those imposed would deprecate the seriousness of the offenses.

Fisk's sentences are not grossly out of proportion to the seriousness of the offenses and are not needless infliction of pain and suffering. They are not shocking to the conscience. The sentences were tailored to the offender and the offenses. The trial court did not abuse its discretion in imposing the maximum sentences in this case.

## CONCLUSION

For the reasons stated above, Fisk's convictions and sentences are affirmed.

**AFFIRMED**.