Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,956-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

MICHAEL S. COUCH                      Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2018-80F

Honorable John Clay Hamilton, Judge

* * * * *

LAVALLE B. SALOMON, APLC                Counsel for Appellant
By: Lavalle B. Salomon

MICHAEL S. COUCH                        Pro Se

PENNY WISE DOUCIERE                     Counsel for Appellee
District Attorney

CAROLINE HEMPHILL
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before THOMPSON, ROBINSON, and BODDIE (*Pro Tempore*), JJ.

**THOMPSON, J.**

This appeal alleges an excessive sentence arising from the guilty pleas for the inappropriate sexual groping of several minor students over a period of eight years by their teacher/principal. The school, the Apostolic Tabernacle Christian School, served as both the educational and spiritual home of the minor students and their families, and the defendant used his unique position of power and authority in the church and school to grope his minor victims for his personal sexual gratification. The defendant benefited from a plea agreement, wherein he agreed to plead guilty to five counts of the significantly lesser charge of indecent behavior with juveniles. The plea agreement provided the trial court would determine the sentences within the reduced exposure, which sentences would run concurrently. The trial court sentenced the defendant to the maximum seven-year sentence on each count of the lesser charge, to run concurrently, with eighteen months of the hard labor sentences suspended, and a period of probation to follow upon his release. The defendant now argues that his sentences are excessive. For the following reasons, we affirm his sentences.

## FACTS

Michael S. Couch ("Couch") served as a teacher, assistant principal, and then principal at the Apostolic Tabernacle Christian School during the years 2008 through 2016. In January of 2018, a teenage student reported to the Franklin Parish Sheriff's Office that there had been inappropriate sexual touching by Couch. After an investigation, the Sheriff's Office found four additional young men who likewise reported that Couch had touched them inappropriately when they were minors while at school under Couch's supervision.

On February 26, 2018, Couch was arrested on six counts of prohibited sexual contact between educator and student and five counts of molestation of a juvenile. The Franklin Parish Grand Jury indicted Couch on five counts of molestation of a juvenile, and he was arraigned on all charges on March 13, 2018.

Negotiations between Couch's counsel and the State resulted in a plea agreement that significantly reduced the amount of jail time to which Couch would be exposed. On January 13, 2018, as part of that plea agreement, the State filed an amended true bill that amended the charges to five counts of indecent behavior with a juvenile,[1] and Couch subsequently pled guilty to all charges. The plea agreement provided that Couch's sentences would run concurrently, with the sentencing to be issued by the trial court after a presentence investigation ("PSI").

On September 11, 2020, a sentencing hearing was held by the trial court. The court noted that it had received the PSI, which contained all of the necessary information required by Article 875 of the Code of Criminal Procedure. After a detailed recitation of the considerations outlined in Article 894.1 of the Code of Criminal Procedure and the court's reasoning

---

[1] La. R.S. 14:81 states:

> Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense; or
> (2) The transmission, delivery or utterance of any textual, visual, written, or oral communication depicting lewd or lascivious conduct, text, words, or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.

and the factors considered, the trial court found that any sentence that does not include a period of incarceration would severely deprecate the seriousness of the defendant's crimes. Couch was sentenced to seven years at hard labor on each count, with one year and six months of the sentence suspended, and upon release, the defendant would be placed on three years active supervised probation. Couch will also be required to register as a sex offender. The court advised the defendant of his right to appeal, and Couch now appeals his sentences as excessive.

## DISCUSSION

**First Assignment of Error: The sentence imposed is excessive and disproportionate and a needless imposition of pain and suffering, and therefore a violation of Article I of the Louisiana State Constitution of 1974, as amended.**

**Second Assignment of Error: The trial court did not adequately consider the mitigating circumstances presented in this matter.**

**Third Assignment of Error: The trial court failed to adequately articulate sufficient reasons which can serve as a factual basis for the sentence imposed.**

**Fourth Assignment of Error: The trial court failed to consider alternative and/or significantly less harsh sentences.**

**Fifth Assignment of Error: The trial court failed to adequately articulate reasons for the sentence imposed.**

Each of the five assignments of error raised by Couch relates to the contemplation by the trial court in fashioning a sentence and the nature and severity of the sentence and, as such, will be addressed in globo.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the

3

article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra*. The important elements that should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*.

Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Robinson*, 49,825 (La. App. 2 Cir. 5/20/15), 166 So. 3d 403; *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760; *State v. Wooten*, 49,710 (La. App. 2 Cir. 4/15/15), 164 So. 3d 937; *State v. Key*, 46,119 (La. App. 2 Cir. 3/2/11), 58 So. 3d 578, *writ denied*, 11-0594 (La. 10/7/11), 71 So. 3d

4

310; *State v. Boudreaux*, 44,502 (La. App. 2 Cir. 9/23/09), 21 So. 3d 1022. There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

Considering the above, this court must first examine whether the sentencing court complied with La. C. Cr. P. art. 894.1. At the sentencing hearing, the PSI was entered into record under seal. The trial court found that the PSI revealed that between the years of 2008 and 2016, Couch had committed acts of inappropriate sexual touching on young juvenile students at the Apostolic Tabernacle School. The court found that Couch was in a unique position of control and influence over the students and that he repeatedly engaged in the criminal conduct on the juveniles while they were under his supervision. The court noted that the PSI also revealed that Couch had no juvenile criminal record, that this was his first adult conviction for any felony offense, and that he maintained gainful employment. The court further accepted into consideration an eight-page letter written by Couch.

The court noted that it had carefully considered the PSI, all factors in mitigation, any comments on behalf of the defendant, and the nature of the offense in light of Article 894.1 of the Code of Criminal Procedure. The court reviewed correspondence from both the victims and acquaintances of the defendant, including 44 letters of support in favor of the defendant.

The trial court further noted that the defendant expressed no remorse. The court determined that there were no grounds tending to excuse or justify the defendant's conduct or that he was acting under any strong provocation. The court also noted that it would strongly consider the fact that before the

initiation of the crimes in August of 2008, the defendant had no criminal history. The court also recognized that imprisonment of the defendant would cause a hardship on his dependents.

Finally, the court noted that the defendant received favorable treatment by the State in reducing charges from molestation of a juvenile, which carries a potential sentence of up to 20 years on each count, to the lesser charge of indecent behavior with a juvenile, which carries a maximum of seven years on each count. Thus, Couch's potential exposure was reduced from 100 years in prison to a maximum of seven years. As an educator, had Couch been convicted of molestation of a juvenile under Article 81.2(B)(3)(a), he would have been exposed to imprisonment of not less than five years nor more than forty years per count. As such, his exposure of five separate charges would have been up to 200 years at hard labor. A plea agreement restricting his sentence to a maximum of seven years, with the five counts to run concurrently, can only be described as lenient and generous considering the similar burden of proof for the charge to which Couch was permitted to plead guilty (La. R.S. 14:81) as compared to the molestation charge (La. R.S. 14:81.2).

As noted above, the trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, *supra*; *West, supra; DeBerry, supra.* Here, it is clear that the trial court met the requirements of La. C. Cr. P. art 894.1 and enumerated in great detail its considerations and the factual basis for imposing the sentence. For the foregoing reasons, the first prong of the test has been satisfied and the second, third, fourth, and fifth assignments of error are without merit.

6

The second prong of the excessiveness test is whether the sentence violates La. Const. art. I § 20. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra*; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Duncan*, 47,697 (La. App. 2 Cir. 1/16/13), 109 So. 3d 921, *writ denied*, 13-0324 (La. 9/13/13), 120 So. 3d 280.

The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L.Ed. 2d 539 (1996); *State v. West*, *supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Davis*, 52,453 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1194; *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596.

The record reflects that the trial court found that the defendant's conduct and actions toward the juvenile victims fell far below an acceptable standard of behavior and that the defendant used his position of authority to sexually grope his minor students, who were members of his church and school community. The trial court determined that the defendant's actions were callous and egregious. The record reflects that the defendant's behavior continued for a number of years and involved a number of victims, which the trial court found manifested a deliberate cruelty to the victims. The dreadful impact on the lives of these victims was expressed to the trial court in the form of letters included in the PSI.

The trial court established that the defendant knew or should have known that the victims of his actions were particularly vulnerable and incapable of resisting as a result of their young age. Furthermore, the defendant continues to express a lack of remorse for his actions toward the minors placed in his care, even going so far as to note, in his pro-se brief to this court, that the minor victims, in their early teens, were some of his "closest friends." Couch continued in his pleadings to offer an apology "for any of my actions that appeared inappropriate." Such an assertion falls far short of any acknowledgment of or apology for the serious, inappropriate, and harmful conduct of the defendant. The record reflects that the defendant's actions resulted in serious emotional harm to several of the victims, and it was the trial court's opinion that the victims will likely never be able to blot out their memories of the actions of the defendant.

Couch was originally charged by the grand jury with five counts of molestation of a juvenile, which carries a sentencing exposure of up to 100 years. La. R.S. 14:81.2(A) and (C). As a part of his plea agreement, Couch

8

agreed to pled guilty on five counts of the reduced charge of indecent behavior with juveniles, which has a sentencing of a fine not more than $5,000, imprisonment with or without hard labor for not more than seven years, or both, on each count. La. R.S. 14:81(H)(1). The trial court sentenced Couch to seven years on each count, all sentences to run concurrently, with one year and six months of each sentence suspended, and three years of active supervised probation.

Effectively, Couch received a 5½ year prison sentence, with a probationary period to follow, after pleading guilty to five counts of indecent behavior with juveniles entrusted to him. Couch will spend less than seven years in prison, far less than the maximum punishment that could have been imposed for his numerous crimes against minors. While Couch is classified as having no prior criminal record, any such mitigation that may offer is more than offset by the aggravating factors of the ages and number of victims and the number of years during which Couch was permitted to prey on these children.

We find that Couch's sentences are not disproportional to the facts and circumstances of this case, nor do they shock the sense of justice. Couch received the significant benefit of a plea agreement, the benefits of which reduced his exposure to jail time from 100 years to seven years. The sentences are not constitutionally excessive, and Couch's first assignment of error is likewise without merit.

## CONCLUSION

For the aforementioned reasons, Couch's sentences are affirmed.

**AFFIRMED.**

9